IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN LEE RICHES, ) | No. C 07-6108 MJJ (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| THANKSGIVING, et al., ) | |
| Defendants. ) | |

Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint under 42 U.S.C. § 1983 against "Thanksgiving, Pilgrims, Mayflower Movers, Pilgrim Pride, Turkey Hill, Black Friday, Corn on the Cob, Cleveland Indians."

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff states that the Thanksgiving holidays "offend[]" him. He alleges his Sixth

G:\PRO-SE\MJJ\CR.07\riches47.dsm.wpd

Amendment rights are being violated because he cannot spend the holidays with his friends and family. He further alleges that "defendants are responsible for higher traffic, that they are "conspiring with the oil companies to drive up gas prices," and that Thanksgiving is "responsible for his mistreatment." He also claims that "Defendants are in violation of separation of church and state." Plaintiff seeks 100 million dollars in damages, and for a restraining order against the celebration of the Thanksgiving holidays. The defendants named by plaintiff appear to be various private food companies, a baseball team, a holiday, and the day after Thanksgiving. To the extent any of these defendants are actual entities that may be sued, they are private organizations that do not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). Accordingly, plaintiff has failed to state a cognizable claim for relief under § 1983.

For the foregoing reasons, this action is DISMISSED.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: December 21, 2007

_____
MARTIN J. JENKINS
United States District Judge

G:\PRO-SE\MJJ\CR.07\riches47.dsm.wpd          2